# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

ERIC BROWN,

       Plaintiff,

   v.

EDWINA JOHNSON; CORRECTIONAL
OFFICER JOHN DOE; and MEDICAL
PERSONNEL JOHN DOE,

       Defendants.

CIVIL ACTION NO.: 5:15-cv-89

## <u>ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Presently before the Court is Defendant Edwina Johnson's Motion to Dismiss, (doc. 12). For the reasons set forth below, I **RECOMMEND** that the Court **GRANT** Johnson's Motion and **DISMISS** all claims against her. However, Plaintiff's claims should remain pending as to Defendants Correctional Officer John Doe and Medical Personnel John Doe. Additionally, as laid out below, the Court **MODIFIES** the stay of discovery in this case for the purpose of allowing Plaintiff to conduct limited discovery to obtain the names of the two unidentified Defendants. To that end, the Court **GRANTS IN PART** Plaintiff's Motion for Subpoenas. (Doc. 19.) The Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## BACKGROUND[1]

Plaintiff is incarcerated at Ware State Prison in Waycross, Georgia. (Doc. 1.) On September 2, 2015, at 9:40 p.m., an unknown correctional officer ("Defendant John Doe Correctional Officer") slammed Plaintiff's hand in a door. (<u>Id.</u> at p. 5.) Plaintiff was examined

---

[1] The following facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

in the medical department that evening and was told by an unknown member of the medical department ("John Doe Medical Personnel") that his hand was not broken. Id. More than three weeks later, Plaintiff received an x-ray which revealed that his hand was broken. Id. He has suffered excruciating pain as a result of the incident and the delay in treatment. Id. Additionally, he is concerned that the delay in treatment will cause his hand to be permanently damaged. Id.

In his original Complaint, Plaintiff named Warden Tom Gramiak and CO II Officer Oge as the Defendants. (Id. at p. 4.) However, Plaintiff moved to amend his Complaint on December 14, 2015, to name Edwina Johnson, the Deputy Warden of Care and Treatment, as the only Defendant. (Doc. 4.) Plaintiff stated that he has unsuccessfully attempted to obtain the names of the officers who were involved in the use of force against him and the denial of medical care but has been unable to do so. Id. Thus, he asked that the Court allow Defendant Johnson to remain as a Defendant for the purposes of determining the identity of the proper defendants. Id.

On February 18, 2016, the Court granted Plaintiff leave to amend and allowed Plaintiff's claims to proceed against Defendant Johnson, Defendant John Doe Correctional Officer, and Defendant John Doe Medical Personnel. In that Order, the Court concluded that Plaintiff could not establish a claim for monetary relief against Defendant Johnson. (Doc. 8, pp. 8–10.) However, the Court found that, to the extent Plaintiff contends that he has still not received medical relief, he stated a plausible claim against Defendant Johnson for injunctive relief. (Id. at p. 9 (citing Luckey v. Harris, 860 F.2d 1012, 1015–16 (11th Cir. 1988).) Additionally, the Court stated that there was some authority for Plaintiff's proposal to proceed against Defendant Johnson in order to obtain the identity of the two John Doe Defendants. (Id. at p. 8 (citing Satchell v. Dilworth, 745 F.2d 781, 786 (2d Cir. 1984).) Accordingly, the Court ordered the

United States Marshal to serve Johnson with the Complaint. (Id. at p. 11.) The Court stated that it "expects that Defendant Johnson and her counsel will cooperatively participate in discovery to expedite the effort to identify those individuals that Plaintiff alleges used excessive force against him and denied his access to medical care." (Doc. 8, p. 10.) Unfortunately, that did not occur.

Following service of the Complaint, Defendant Johnson moved to dismiss all claims against her. (Doc. 12.) Johnson's arguments echoed the Report and Recommendation's conclusion that Plaintiff had not stated any plausible claims for monetary relief against her. (Doc. 12-1, pp. 3–6.) Additionally, Johnson argued that Plaintiff had not and could not assert any injunctive relief claims against her. (Id. at pp. 6–10.) Lastly, Plaintiff argued that she should not remain in the case for the purpose of Plaintiff obtaining discovery from her. (Id. at pp. 10–19.) Johnson proposed that the Court should instead allow Plaintiff to engage in limited non-party discovery to obtain the names of the John Doe Defendants. (Id. at pp. 19–24.) To that end, Johnson agreed that "she would respond appropriately to any procedurally proper non-party discovery." (Id. at p. 24.)

In response to Johnson's Motion, Plaintiff clarified that he does not intend to assert any claims (monetary or injunctive) against Defendant Johnson. (Doc. 17.) He stated that "Defendant Johnson's only role in this action is to provide discovery so that the plaintiff can properly present upon [sic] his case and correctly also to truly name the defendants, dates, and times." (Id. at p. 3.) Johnson has filed a Reply to Plaintiff's Response reiterating her arguments for dismissal and arguing that, to the extent Plaintiff's Response can be considered a Motion to Compel Discovery, it should be denied. Plaintiff has also filed a Motion for Subpoenas, (doc. 19), and a Motion for Appointment of Counsel, (doc. 21).

# DISCUSSION

## I.     Defendant Johnson's Motion to Dismiss

As explained in the Court's Order of February 18, 2016, (doc. 8), Plaintiff has not pled any plausible claims against Defendant Johnson for monetary relief.  Moreover, Plaintiff has now stated that he does not intend to assert any claims for injunctive relief against Johnson.  Plaintiff admits that he does not have information at this time that Defendant Johnson was personally involved or otherwise causally connected to the excessive use of force against him or the disregard of his medical needs.  Rather, he stresses that his only purpose for having named Johnson as a Defendant is to obtain discovery from her.  (Doc. 17, p. 3.)

In light of Plaintiff and Johnson's recent representations, it is no longer prudent or necessary for Johnson to remain a Defendant in this case.  It is now clear that Johnson is not subject to any injunctive relief claims.  Moreover, it is not necessary for Johnson to remain in the case for Plaintiff to obtain discovery from her.  Rather, Johnson has represented that she will respond to any properly served third-party discovery.  Thus, Plaintiff can use third-party discovery to obtain the same information from Johnson that Plaintiff could have obtained from serving discovery requests on Johnson as a party.

For all of these reasons, the Court should **GRANT** Johnson's Motion to Dismiss.

## II.     Plaintiff's Motion for Subpoenas

In his Motion for Subpoenas, Plaintiff requests the Court's assistance in obtaining subpoenas as well as other information regarding how to pursue his case.  (Doc. 19.)  The Court **GRANTS** this Motion **IN PART.**

Ordinarily, a party must obtain a subpoena issued pursuant to Federal Rule of Civil Procedure 45 to compel a nonparty to produce documents.  However, this Court has recognized

that it "must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." Keith v. Mayes, No. CV409-148, 2010 WL 3339041, * 1 (S.D. Ga., Aug. 23, 2010) (citing Poole v. Lambert, 819 F.2d 1025, 1029 (11th Cir. 1987)). To this end, pursuant to this Court's Standing Order of January 16, 1996, the Court does not issue blank subpoenas to *pro se* inmate plaintiffs. Order, Case No. 4:96-MISC-06 (S.D. Ga. July 9, 2008), ECF No. 76.

Nonetheless, the Court must balance the need to prevent the abuse of its subpoena power with Plaintiff's need to identify the John Doe Defendants. Thus, the Court hereby **DIRECTS** Plaintiff to file with the Court, within **14 days** of the date of this Order, a list of those documents which he seeks to subpoena from Edwina Johnson and a list of those documents which he seeks to subpoena from the Georgia Department of Corrections. The Court forewarns Plaintiff that he should only list those documents which are necessary for him to obtain the correct names of Defendant Correctional Officer John Doe and Defendant Medical Personnel John Doe. Plaintiff should not request subpoenas for documents that he can obtain through other means. For example, as Johnson points out in her Reply Brief, Plaintiff can review and obtain copies of his medical records pursuant to the Department of Corrections Standard Operating Procedure VH78-0002. (Doc. 20-1.)

After the Court receives Plaintiff's submission, the Court will review Plaintiff's lists and assess what, if any, documents on the lists should be subpoenaed. If the Court finds that Plaintiff has listed documents that should be subpoenaed for this limited purpose, the Court will prepare and issue any necessary subpoenas.[2]

---

[2] At this stage, the Court need not decide how any potential subpoena will be served. However, though a party is generally entitled to the Clerk of Court's issuance of a subpoena, he must ordinarily bear the expense of serving the subpoena. Doye v. Colvin, No. CV408-174, 2009 WL 764980, at *1 (S.D. Ga. Mar. 23, 2009). "While the *in forma pauperis* statute provides access to the court to an indigent litigant

Additionally, Federal Rule of Civil Procedure 31 permits a party to serve a non-party with depositions by written questions. The Court **MODIFIES** the stay of discovery in this case to allow Plaintiff to conduct depositions by written questions on Edwina Johnson and the Georgia Department of Corrections in accordance with the procedures of Rule 31. However, at this time, Plaintiff must limit his deposition questions to only those questions necessary to obtain the names of the John Doe Defendants. Specifically, as Johnson noted in her Reply Brief, Plaintiff need not and cannot obtain the Social Security numbers and dates of birth of the John Doe Defendants or any other individuals. (Doc. 20, pp. 11–13.) If Plaintiff poses deposition questions that are not necessary to obtain the identities of the John Doe Defendants, he may be subject to sanctions. Except for this limited modification, the Court's stay of discovery in this case remains in full force and effect. Additionally, particularly given that Johnson is currently a party to this action, the Court directs Plaintiff to serve any non-party discovery directed to Johnson to her counsel: Assistant Attorney General J. Kyle Brooks, 40 Capitol Square, S.W., Atlanta, GA 30334. Plaintiff should address any non-party discovery directed to the Department of Corrections to: Georgia Department of Corrections, Attention: Jennifer Ammons, General Counsel, 300 Patrol Road, Forsyth, Georgia 31029.

Plaintiff is further advised that it remains his obligation to prosecute this case. Specifically, it is ultimately his responsibility to identify the John Doe Defendants and to ensure that they are timely served with this action. Accordingly, the Court **DIRECTS** Plaintiff to file an Amended Complaint **on or before November 18, 2016.** In that Amended Complaint, Plaintiff shall identify the proper parties to this action. Should Plaintiff fail to meet this

---

by permitting the waiver of prepayment of fees and costs, see 28 U.S.C. § 1915(a), no provision of that statute "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Id. (citing Tabron v. Grace, 6 F.3d 147, 158–59 (3d Cir. 1993)). However, given the unique circumstances of this case, the Court may order an alternative method for the subpoena to be served following Plaintiff's submission of documents to be subpoenaed.

obligation, the Court will have no choice but to dismiss this case. Fed. R. Civ. P. 4(m). Further, it is not the Court's role to provide Plaintiff with legal advice regarding how to pursue his claims. However, Plaintiff is reminded of the instructions the Court provided in the February 8, 2016, Order. (Doc. 8, pp. 11–15.) Additionally, the Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of Federal Rules of Civil Procedure 30, 31, and 45.

## III.    Plaintiff's Motion for Appointment of Counsel

Plaintiff previously moved for the appointment of counsel on April 20, 2016, (doc. 11), and the Court denied that Motion two days later, (doc. 14). In his current Motion for Counsel, Plaintiff argues that the complexity of his case, including the discovery issues surrounding the identity of the Defendants and the factual complexity of his claims, his ignorance of the law, and the merits of his claims warrant the appointment of counsel.

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues

are simple, he or she usually will not need such help." <u>McDaniels v. Lee</u>, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir.1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated and has no legal training and a limited education, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." <u>Hampton v. Peeples</u>, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." <u>Id.</u> (citing <u>Smith v. Warden, Hardee Corr. Inst.</u>, 597 F. App'x 1027, 1030 (11th Cir. 2015); <u>Wright</u>, 562 F. App'x at 777; <u>Faulkner v. Monroe Cty. Sheriff's Dep't</u>, 523 F. App'x 696, 702 (11th Cir. 2013); <u>McDaniels v. Lee</u>, 405 F. App'x 456, 457 (11th Cir. 2010); <u>Sims v. Nguyen</u>, 403 F. App'x 410, 414 (11th Cir. 2010); <u>Fowler</u>, 899 F.2d at 1091, 1096; <u>Wahl</u>, 773 F.2d at 1174). Additionally, this case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. As for the discovery issues that Plaintiff raises, as laid out above, the Court has provided Plaintiff with opportunities to conduct discovery into the Defendants' identities. Moreover, the type of claims Plaintiff raises in his Complaint are by no means out of the ordinary. Indeed, the Court often adjudicates similar claims litigated by *pro se* plaintiffs.

For all of these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

For the reasons and in the manner set forth above, the Court **GRANTS IN PART** Plaintiff's Motion for Subpoenas and **MODIFIES** the stay of discovery in this case to permit Plaintiff to conduct limited third-party discovery to obtain the names of the John Doe Defendants. Plaintiff is **DIRECTED** to file an Amended Complaint identifying the proper Defendants **on or before November 18, 2016**. The Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

Additionally, I **RECOMMEND** that the Court **GRANT** Defendant Johnson's Motion to Dismiss and **DISMISS** all claims against her in this case. The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED**, this 23rd day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA